UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**CASE NO: 14-CR-80114-DTKH**

UNITED STATES OF AMERICA,

    Plaintiff,

v

LUKNER BLANC,

    Defendant.

_____/

**OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT; MOTION FOR DOWNWARD VARIANCE AND MOTION FOR DOWNWARD DEPARTURE SENTENCE**

COMES NOW the Defendant, Lukner Blanc, by and through his undersigned counsel, and respectfully files the following objections to the Pre-Sentence Investigation Report (hereinafter "PSR") and incorporated Motion for Downward Variance and/or Motion for Downward Departure from the proposed sentence, and states as follows:

**OBJECTION TO THE PSR PROPOSED SENTENCE**

**The Defendant's Criminal History (Para. 69)**

1. The Defendant objects to paragraph 3 in that the car was not Lukner Blanc's, it belonged to Ms. Sonia Cayard.

2. The Defendant objects to paragraph 4 in that Lukner Blanc never withdrew money from the debit cards.

3. The Defendant objects to paragraph 5 in that Lukner Blanc's conversation with Placide was not Lukner Blanc directing Placide to conduct criminal activity and hide evidence related to the homicide: Lukner Blanc and Placide were discussing jewelry. Further, conversations with Juste were benign.

4. The Defendant objects to paragraph 6 in the search of Juste's bedroom yielded 50 debit cards, not 69 as set forth in the PSR. Further, Lukner Blanc had no knowledge of the

handwritten notes seized or the "expected amount of fraudulent income tax refund intended to be deposited…".

5. The Defendant objects to paragraph 7 in that Lukner Blanc had no knowledge of when the bank account was opened.

6. The Defendant objects to paragraph 8 in that Lukner Blanc had no knowledge of Phadael's interview with law enforcement.

7. The Defendant objects to paragraph 9 in that Lukner Blanc had no knowledge of what information Adams gave to the IRS.

8. The Defendant objects to paragraph 10 in that Lukner Blanc had no knowledge of "the four additional women."  Lukner Blanc does not know them, and they do not know him.

9. The Defendant objects to paragraph 11 in that Lukner Blanc had not used his phone to text Fleuzinord.

10. The Defendant objects to paragraph 12 in that the same did not occur.

11. The Defendant objects to paragraph 13 in that Lukner Blanc has no knowledge of debit cards seized in Juste's residence.

12. The Defendant objects to paragraph 14 in that his only alleged involvement in the charged conspiracy pertained to a 3 day period between October 29, 2012 and November 2, 2012. (see paragraph 22).

13. The Defendant objects to paragraphs 15 through 21 in that he has no knowledge of the alleged acts.

14. The Defendant objects to paragraph 23 in that Lukner Blanc has no knowledge of Juste allegedly concealing computers and debit cards at his residence.

15. The Defendant objects to paragraph 24 in that Lukner Blanc did not instruct Phadael as specified in said paragraph.

16. The Defendant objects to paragraph 25 of the PSR in that he had no knowledge of the receipt of any fraudulent tax refunds by Lukner Blanc, Phadael, or Juste.

17. The Defendant objects to paragraph 26 of the PSR in that Fleuzinord stated that he never engaged in illegal activities with Lukner Blanc and that no evidence was presented that Lukner Blanc unlawfully transferred, possessed and used means of identification belonging to another person.

18. The Defendant objects to paragraph 27 of the PSR in that there is no evidence that Lukner Blanc conspired to file five (5) tax returns for 5 individuals.

19. The Defendant objects to paragraph 28 of the PSR as the information contained therein has nothing to do with Lukner Blanc.

20. The Defendant objects to paragraph 29 of the PSR as he has no knowledge of anything Phadael instructing Claude and Demesyeux as to their Grand Jury testimony.

21. The Defendant objects to paragraph 30 of the PSR in that Lukner Blanc has no knowledge of the forensic analysis performed by the IRS.  Further, Lukner Blanc objects to the number of fraudulent tax returns, and the attempted loss amount which flows through requiring changes in paragraphs 31, 32 and 49.  Finally, Lukner Blanc objects to the restitution amount which flows through requiring changes to paragraphs 40 and 83.

### Role Assessment

22. The Defendant objects to paragraph 31 of the PSR in that he does not qualify as an organizer or leader of a criminal activity involving 5 or more participants pursuant to Section 3B1.1(a), U.S.S.G. Further, he objects to the amount of the attempted loss set forth in said paragraph.  Additionally, see flow through changes from paragraph 30 of the PSR.

23. The Defendant objects to paragraphs 32 through 38 in that Lukner Blanc has no knowledge of the specified individuals' alleged roles in this case.

### Victim Impact

24. The Defendant objects to paragraph 40 as to the amount of losses as a flow through changes to the objection to paragraph 30.  Lukner Blanc denies joint and several liability for restitution.

25. The Defendant objects to paragraph 41 through 43 in that he has no knowledge as to the specified individuals' restitution obligations.

### Specific Offense Characteristics

26. The Defendant objects to paragraph 49 of the PSR as a flow through objection to paragraph 30.

27. The Defendant objects to paragraph 50 in the pursuant to paragraph 40, the IRS is the only victim in the case rather than 250 or more victims.

28. The Defendant objects to paragraph 51 in that the offenses charged did not involve sophisticated means.

### Adjustment for Role in the Offense

29. The Defendant objects to paragraph 53.  See objection to paragraph 31.

30. The Defendant objects to paragraph 55 as a flow through objection.

31. The Defendant objects to paragraph 58 as a flow through objection.

### Criminal History

32. The Defendant objects to paragraph 66 of the PSR in that he did not commit the charged offense.

### Criminal History Computation

33. The Defendant objects to paragraph 66 of the PSR.

34.  Lukner Blanc objects to the criminal history points in paragraph 71.

### Offense Characteristics

35. The Defendant objects to paragraph 92 of the PSR, lines 6 through 7, in that Lukner Blanc did not "move out on his own." Rather, Lukner Blanc moved to his godfather's house and subsequently moved to a friend's house.

### Mental and Emotional

36. The Defendant objects to paragraph 97 of the PSR in that he was abused while growing up by his godfather.

### Financial Analysis

37. The Defendant objects to paragraph 111 of the PSR in that he had no earned income in 2011 and the amount listed was a result of tax fraud in which Lukner Blanc was a victim.

### Sentencing Options

38. The Defendant objects to paragraph 114 concerning Guideline provisions as a result of flow through objections set forth herein.

### Motion for Downward Variance and/or for a Downward Departure Sentence

Lukner Blanc respectfully objects to the PSR proposed sentencing range of 235 to 293 months followed by a 24 month consecutive term of imprisonment as to each of Counts VII through X and XVI through Lukner Blanc as being too harsh a sentence, and unreasonable. The Sentencing Guidelines are "advisory", and sentencing courts are required to consider all of the factors listed in Title 18 U.S.C. Section 3553(a) in imposing Lukner Blanc's sentence. *United States v. Booker*, 543 U.S. 220, 225-226 (2005).

While this Court must calculate and consult the Guideline range, that range <u>does not generate a presumptively-reasonable sentence</u>. The 11th Circuit has held that "a district court may determine, on a case by case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining Section 3553(a) factors that the Court must also consider when calculating the Defendant's sentence." *United States v. Hunt*, 459 F.3d 1180, 1185 (11th Cir. 2006). The Court further held that "[w]hether after consideration of

Section 3553(a) in its entirety, the Court finds the Guidelines to be compelling as neither fact-specific judgment that we mandate nor forclosre." *Id.* Considering the factors set forth in Title 18 U.S.C. Section 3553(a), and the issues raised below, a medium incarcerative sentence followed by a statutory term of supervised release is a reasonable and appropriate sentence in this case.

> The Statute provides:
>
> The court shall impose a sentence **sufficient, but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of the subsection. The court, in determining the particular sentence to be imposed shall consider:
>
> From 18 U.S.C. § 3553(a), here are what judges are supposed consider now regarding the goals of sentencing:
>
> (a) Factors To Be Considered in Imposing a Sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed;
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for:
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
>
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be

incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement;

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The primary directive under Section 3553(a) is that the court must impose a sentence that is "sufficient" but is not greater than necessary, to comply with the purposes of sentencing." The Defendant suggests that this Court consider the following in support of his request:

1. **The Defendant did not engage in violent behavior during the commission of the crimes charged**.

A factor that this Court should take into account which lessens the need for a lengthy prison sentence as proposed in Lukner Blanc's Guideline range is that the crimes did not involve violence or the threat of violence.  Indeed, Lukner Blanc is a peace loving individual. He was convicted of committing white collar financial crimes.  There is no evidence that the Defendant engaged in separate violent or threatening behavior during the course of the crimes committed.

### Lukner Blanc Has a History of Drug and Alcohol Abuse

Lukner Blanc requests that the Court note from the PSR his drug and alcohol use during the time of the charged conspiracy. There is every reason to believe that Lukner Blanc's alcohol and drug abuse affected his thought process and his determination to engage in the convicted of crimes rather than be gainfully employed played a role in his behavior in violating the law. This is not an excuse, it is a piece of Lukner Blanc's background that this Court should consider. See *United States v. Pickering*, 178 F.3d 1168, 1172 (11th Cir. 1999); *Penry v. Lynaugh*, 492 U.S. 302, 319, 109 S.Ct. 2934 (1989) (evidence about the defendant's background is relevant because of the belief "long held by this society, that the defendants who commit criminal acts that are attributable to a disadvantaged background or to emotional or mental problems may be less culpable than defendants who have no such excuse.")

Pursuant to *Rita v. United States*, 551 U.S. 338, 351 (2007), a court may sentence a defendant below the advisory Guideline range either (a) because "the case at hand falls outside the 'heartland' to which the [sentencing] commission intends individual guidelines to apply." Section 5K2.0, U.S.S.G., i.e., a downward departure, or (b) because the Guideline sentence itself fails to reflect the Section 3553(a) considerations, and i.e. a variance."

### Harshness of Proposed Sentence

The sentence range proposed in the PSR is too harsh relative to the crimes Lukner Blanc committed in this case. In this case, under the specific facts and circumstances, even a sentence at the low end of the range substantially over represents the seriousness of the crime and conduct for which Lukner Blanc has been found guilty, the likelihood that he will commit other crimes in the future, and the time sufficient for punishment falls outside a reasonable and just sentence. See, e.g., *United States v. Williams*, 435 F.3d 1350 (11th Cir. 2006) (90 months imprisonment was sufficient, but not greater than necessary to punish, deter, and rehabilitate

defendant where he was considered a career offender and low end of his Guidelines was 188 months.

## Conclusion

While this Court will calculate and consult the Guideline range in accordance with the law, in this case that range does not generate a presumptively-reasonable sentence. Considering all the factors set forth in Title 18 U.S.C. Section 3553(a), and Section 2K2.0, U.S.S.G., a sentence in the range which will be argued to the Court *ore tenus* at sentencing, followed a term of supervised release, to include mandatory drug and alcohol treatment, is both a reasonable and appropriate sentence in this case.

I hereby certify that on **January 3, 2016**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

    Respectfully submitted,

    LAW OFFICES OF RICHARD ROSENBAUM
    *Primary Email:  Pleadings@RLRosenbaum.com*
    *Secondary Email:  Richard@RLRosenbaum.com*

    **S/RICHARD L. ROSENBAUM**
    Richard L. Rosenbaum, Esq.
    Fla. Bar No: 394688
    315 SE 7th Street
    Suite 300
    Fort Lauderdale, FL 33301
    Telephone (954) 522-7007
    Facsimile:  (954) 522-7003